```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
WILFREDO ROSARIO,
                                :
                Plaintiff,          REPORT & RECOMMENDATION
                                :
     -against-                      11 Civ. 6642 (PAC)
                                :
CAPTAIN ANSON et al.,
                                :
                Defendants.
-------------------------------x
```

TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

Pro se plaintiff Wilfredo Rosario commenced this section 1983 lawsuit against a New York State corrections captain and a corrections officer, as well as against two John Doe defendants. He claims principally that, while assigned to the so-called Summit Shock Correctional Facility, he was denied medical care for injuries suffered while trying unsuccessfully to adhere to the rigorous physical demands imposed at that facility.

The two named defendants -- Captain Patrick J. Anson and Corrections Officer James Blyth -- have been served.[1] Captain Anson

---

[1] By order dated October 11, 2011, the District Court directed defendants' counsel to identify the John Doe defendants so that plaintiff could amend his complaint and serve them. Defendants eventually complied (see Jan. 11, 2012 letter to the Court from Asst. Att'y Gen. Rebecca Ann Durden), and we directed plaintiff to amend his complaint by February 13, 2012. (Order dated Jan. 12, 2012). He never did so, and hence Messrs. Anson

1

initially moved to dismiss the complaint for failure to state a claim against him. He also argues in the alternative that he is protected by qualified immunity and that venue is improper. (Defs.' Memo of Law at 4-10). Defendant Blyth, who was served sometime after Capt. Anson, has now joined the motion. (<u>See</u> Aug. 24, 2012 letter to the Court from Asst. Att'y Gen. Rebecca Ann Durden at n.1). Plaintiff, who was subsequently released from the State prison system, has not responded to the motion. We have required, however, that defendants provide additional documentation pertinent to their motion. (Endorsed Order dated Feb. 21, 2012; Orders dated Aug. 17 & 22 and Sept. 4, 2012), and they have done so. (Anson Feb. 23, 2012 Decl.; Blyth Aug. 23, 2012 Decl.; Anson Sept. 6, 2012 Decl.; Blyth Sept. 6, 2012 Decl.).

For the reasons that follow, we recommend that the case be transferred to the Northern District of New York.

ANALYSIS

We focus on the venue question because, if venue is incorrect, this court should not address the dispositive aspects of

---

and Blyth are the only defendants in the case at present.

defendants' motion. We conclude that venue in this district is improper, as the events in question all took place in the Northern District and the only two named defendants in the case reside in the Northern District of New York.

The pertinent venue provision is 28 U.S.C. § 1391(b), which specifies:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action.

The provisions of paragraphs (1) and (2) control the outcome of this case.

The two defendants both reside in the Northern District of New York (see Anson Sept. 6, 2012 Decl. ¶ 2; Blyth Sept. 6, 2012 Decl. ¶ 2), and work in that district. (Anson Feb. 23, 2012 Decl ¶ 2;

Blyth Aug. 23 Decl. ¶ 2).[2] Moreover, according to the complaint, the events that underlie the claims in this case took place at the Summit Shock Correctional Facility as well as, briefly, at the Hale Creek Correctional Facility, both located in the Northern District

---

[2] In defendants' initial motion papers and a first supplementation, they noted that defendants work in the Northern District, and they argued that the location of the job assignments constituted their residence for purposes of section 1391(b) because they were being sued for acts done in their official capacities. (Defs.' Memo of Law at 10 & Aug. 24, 2012 letter to the Court from Asst. Att'y Gen. Rebecca Ann Durden). Although they cited several unreported district court decisions for that proposition -- Amador v. Supt. of Dep't of Corr. Servs., 2005 WL 2234050, *6 (S.D.N.Y. Sept. 13, 2005), and Baker v. Coughlin, 1993 WL 356852, *2 (S.D.N.Y. Sept. 9, 1993) -- we respectfully disagree with those decisions. The statute explicitly refers to the residence of the defendants, not their place of business, and that language is unambiguous. The cited decisions do not explain the basis for their implicit rejection of the plain wording of the statute, and in any event they appear to conflate official-capacity suits with personal-capacity suits against government employees. See Simon v. Ward, 18 F. Supp. 2d 464, 469 (E.D. Pa. 2000)("in the present case, plaintiff is suing defendants in their individual capacities for money damages. Therefore, the defendants reside only in their individual residences for the purpose of ascertaining venue... Defendants' status as public officials has no effect [on] the venue analysis in a suit against them in their individual capacities for money damages.") (emphasis in original); 17 Moore's Federal Practice § 110.03[3] (Matthew Bender 3d ed. 1999); accord Andrew H. by Irene H. v. Ambach, 579 F. Supp. 85, 88 (S.D.N.Y. 1984) ("Where, as here, public officials are sued in their official capacities, 'residence' for venue purposes is where they perform their official duties."). In official-capacity suits, it makes sense to treat the defendant official's place of work to be the defendant's "residence" because such suits are deemed to be against the employing government rather than against the individual. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Hafer v. Melo, 112 S. Ct. 358, 361 (1991).

4

of New York. The Summit Shock Correctional Facility is located in Summit, in Schoharie County, and the Hale Creek Correctional Facility is located in Johnstown, in Fulton County.[3]

Thus venue is permissible in the Northern District under both sections 1391(b)(1) and (2). In contrast, none of the provisions of section 1391(b) authorize venue in this district. The defendants do not reside here, nor did a substantial part of the events or omissions giving rise to the claim occur in this district. As for paragraph (3), it is inapplicable because it cannot be said that there is "no other district in which an action may otherwise be brought."

## CONCLUSION

In sum, under the terms of section 1391(b), venue is proper only in the Northern District of New York. We therefore recommend that defendants' motion be granted to the extent of transferring

---

[3] In this respect, we note that, although plaintiff's pleading recounts that after the onset of his initial physical problems he was temporarily transferred to the New York City prison facilities at Rikers Island for a court appearance and then was shipped via the Ulster County Correctional Facility en route back to the Summit Facility (Compl. -- attachment at ¶¶ 8-9), he does not assert any claims for his treatment at Rikers or Ulster.

5

this lawsuit to that district.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e), Thomas v. Arn, 470 U.S. 140, 150-52 (1985); Small v. Sec. of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

DATED:   New York, New York
         September 17, 2012

RESPECTFULLY SUBMITTED,

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

6

Copies of the foregoing Report and Recommendation have been sent this date to:

Mr. Wilfredo Rosario
2850 Grand Concourse
Apt. B4
Bronx, New York 10458

Rebecca Ann Durden, Esq.
Assistant Attorney General
   for the State of New York
120 Broadway
New York, New York 10271

Fax: (212) 587-4114