**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

WILFREDO ROSARIO,

                               Plaintiff,

       v.                                         No. 12-CV-1506
                                                (GLS/CFH)

CAPTAIN ANSON, Summit Shock Incarceration
Facility, JOHN DOE #1, Facility Nurse, Summit
Shock Incarceration Facility

                                 Defendants.

_____

**APPEARANCES:**                               **OF COUNSEL:**

WILFREDO ROSARIO
Plaintiff Pro Se
10947 Savannah Wood Court
Orlando, Florida 32832

HON. ERIC T. SCHNEIDERMAN           COLLEEN D. GALLIGAN, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Wilfredo Rosario ("Rosario"), a former inmate in the custody of the New

York Department of Corrections and Community Supervision ("DOCCS"), brings this action

pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCCS employees, violated his

constitutional rights under the Eighth Amendment.  Compl. (Dkt. No. 2).  Presently pending

is Rosario's letter motion seeking to be deposed either telephonically or by

_____

     [1]  This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

video-conference (Dkt. No. 46), defendants' motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C) (Dkt. No. 47), and defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 47. Rosario does not oppose defendants' motions. Defendants do not consent to deposition by alternative means. Dkt. No. 47 at 5. For the reasons that follow, it is ordered that Rosario's letter motion be granted and defendants' motion for sanctions be denied. It is further recommended that defendants' motion to dismiss be denied.

## I. Background

On September 13, 2011, Rosario commenced this action alleging that defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his medical needs. Compl. (Dkt. No. 2). On December 16, 2013, the Court issued a Mandatory Pre-Trial Discovery and Scheduling Order ("scheduling order") granting defendants leave to take Rosario's deposition by providing Rosario with a notice of deposition. Dkt. No. 41 at 3–4. The scheduling order notified Rosario that his "failure . . . to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Id. at 4. On April 24, 2014, defendants served Rosario with document demands and a notice of deposition, which scheduled Rosario's deposition for May 29, 2014, at 10:00 a.m., at the Office of the Attorney General in Albany, New York. Galligan Aff. (Dkt. No. 47-1) ¶ 7; Dkt. No. 47-1 at 7–9. The notice of deposition was mailed to Rosario at 10947 Savannah Wood Court, Orlando, Florida 32832.[2]

---

[2] On February 12, 2014, Rosario filed a notice of change of address, advising the Court of his current residence in Florida. Dkt. No. 43. On February 26, 2014, defendants had mistakenly mailed their first notice of deposition to Rosario's former address in Bronx, New York. Dkt. No. 44.

On or about April 30, 2014, Rosario called counsel for defendants, an Assistant Attorney General ("AAG"), to ask that his deposition be conducted by telephone or video-conference. Galligan Aff. ¶ 8. The AAG did not consent to conducting the deposition using alternative means. Id. Shortly thereafter, on May 5, 2014, Rosario filed a letter motion with the Court, seeking to appear for the deposition via telephone or video conference because a lack of funds and a leg injury would make it difficult for him to travel from Florida to New York. Dkt. No. 46.

On May 29, 2014, the AAG and a court reporter were prepared to take Rosario's deposition. Galligan Aff. ¶ 9; Dkt. No. 47-1 at 13–15. Rosario did not appear for the deposition and, aside from the previous discussion on taking the deposition by alternative means, did not provide the AAG with notice of intent to not appear at the deposition. Dkt. No. 47-1 at 13–15. The Office of the Attorney General incurred $75.00 in cost for the court reporter and transcript. Galligan Aff. ¶ 10; Dkt. No. 47-1 at 18.

## II. Discussion

Rosario seeks to be deposed by telephone or video conference. Defendants seek dismissal of Rosario's action for failure to prosecute as a result of his failure to attend the scheduled deposition. In the alternative, defendants request that Rosario be compelled to attend a rescheduled deposition and reimburse defendants for the costs of the court reporter and transcript.

### A. Deposition by Alternative Means

As a general matter, although a plaintiff is deposed in the forum where the action was

brought, there is "no absolute rule as to the location of the deposition of a nonresident plaintiff." Stephens v. 1199 SEIU, No. CV 07-0596(JFB)(AKT), 2011 WL 2940490, at *1 (E.D.N.Y. July 19, 2011) (citing Normande v. Grippo, No. 01 CIV 7441, 2002 WL 59427, at *1 (S.D.N.Y. Jan. 16, 2002)).[3] Indeed, Federal Rule 30(b)(4) states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." FED. R. CIV. P. 30(b)(4). Courts have ordered telephonic depositions in cases where the plaintiff is physically or financially unable to come to the forum. Stephens, 2011 WL 2940490, at *1 (citing inter alia Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011)). However, other courts have found that a hardship showing is not necessary to permit telephonic depositions from being taken. Id. (citing Zito v. Leasecomm Corp., 233 F.R.D. 395, 397–98 (S.D.N.Y. 2006) and Advani Enters., Inc. v. Underwriters at Lloyds, No. 95 Civ. 4864, 2000 WL 1568255, at *2 (S.D.N.Y. 2000)).

In this case, Rosario contends that he should be deposed either by telephone or video instead of in-person because he lacks the financial means to travel from Florida to New York and suffers from a leg injury. Although Rosario does not introduce any evidentiary support for his claims, given Rosario's pro se status, his representation of claims in writing to the Court, as well as defendants' silence as to any prejudice that they would suffer from deposition by alternative means, the Court finds that the circumstances here support permitting Rosario's deposition to be taken by telephone.

The realities of litigation requires the Court to further discuss this matter at hand. It is

---

[3] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

unclear to the Court whether Rosario intends his deposition to serve as a trial-preservation deposition if he remains unable to return to New York for the trial.  Courts that have ordered telephonic depositions have also built in safeguards for trial.  For example, one court required the plaintiff to be present at the trial.  Normande, 2002 WL 59427, at *2.  Another court required the plaintiff to arrive in the forum forty-eight hours before commencement of trial to be deposed.  Anguile v. Gerhart, No. Civ. 93-934, 1993 WL 414665, at *3 (D.N.J. 1993).  Accordingly, were Rosario's intention to treat his deposition as a trial-preservation deposition and offer it in place of live testimony, the Court directs that the deposition be conducted by video-conference and be recorded.  See Stephens, 2011 WL 2940490, at *3.  Even so, the decision whether to allow the video-taped deposition be used in lieu of live testimony at trial remains with Chief Judge Gary L. Sharpe, the District Judge assigned to this action.

Furthermore, Rosario bears the cost of conducting the deposition by telephone or video-conference.[4]  Stephens, 2011 WL 2940490, at *3 (citations omitted).  It is also Rosario's obligation to ensure that at the time of the deposition, an individual authorized to administer oaths in Florida is present to administer the oath to him.  Normande, 2002 WL 59427, at *2 ("Plaintiff will be required to bear the expense of the telephone deposition and must also make arrangements to be sworn by an individual who is authorized to administer oaths in Brazil.").  While the cost of taking Rosario's deposition in this manner could still be high, Rosario cannot dispute that he has an obligation to provide discovery and prosecute the

---

[4]  If Rosario does not wish to use the deposition as a trial-preservation deposition and defendants wish to view Rosario during the deposition, then defendants may arrange to have the deposition conducted by video-conference at their own expense.  Stephens, 2011 WL 2940490, at *3 n.3 (citations omitted).

action as the plaintiff in his case.  <u>Anguile</u>, 1993 WL 414665, at *3 ("Having commenced

this action, plaintiff cannot dispute that she has an obligation to provide discovery in the

form of a deposition. Nor can plaintiff visit the expense of the deposition upon defendant, for

she is the one who asserts the claims. Thus, the cost of the telephonic deposition shall be

the responsibility of plaintiff.").  Lastly, if defendants intend to introduce exhibits at the

deposition, then defendants' counsel is responsible for making arrangements to have such

exhibits available at the location and time of the deposition in Florida.  <u>Stephens</u>, 2011 WL

2940490, at *3.

Accordingly, Rosario's letter motion is granted.  Because the discovery deadline expired

on June 6, 2014, it is hereby extended to **October 10, 2014**.


### B.  Motion for Sanctions

Pursuant to the Federal Rules of Civil Procedure, sanctions may be awarded where

parties fail to comply with court orders or fail to attend their own depositions.  FED. R. CIV. P.

37(b) & (d); N.D.N.Y.L.R. 1.1(d) ("Failure of an attorney or of a party to comply with . . .

Orders of the court, or the Federal Rules of Civil . . . Procedure shall be a ground for

imposition of sanctions.").  Such sanctions can include the payment of reasonable

expenses caused by the failure.  FED. R. CIV. P. 37 (b)(2)(C).

A district court has broad discretion to impose sanctions.  <u>Residential Funding Corp. v.

DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted).  In deciding an

appropriate sanction, "the court may consider the full record . . . [specifically] the willfulness

of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser

sanctions; the duration of the non-compliance; and whether the party has been warned of

the consequences of non-compliance." <u>Broadcast Music, Inc. v. Metro Lounge & Café LLC</u>, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted).

Here, a review of the record shows that sanctions are not warranted at this time. While Rosario has been warned of the consequences of non-compliance with the scheduling order and the date of the scheduled deposition, Rosario filed the letter motion seeking to be deposed by telephone or video-conference prior to the scheduled deposition on May 5, 2014. Although it could be said that Rosario intentionally failed to appear for his deposition on May 29, 2014, Rosario presented reasons for his noncompliance, namely that he lacks the economic means to travel to New York as well as a leg injury that he sustained. Other than an indication in the motion to dismiss filed June 18, 2014 that they do not consent to deposition by alternative means, defendants never directly responded to Rosario's letter motion. Accordingly, given Rosario's <u>pro</u> <u>se</u> status, as well as a review of the relevant factors, sanctioning Rosario in this instance is not warranted. <u>See</u> <u>Broadcast Music, Inc.</u>, 2012 WL 4107807, at *2.

Accordingly, defendants' motion for sanctions is denied.


### C. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." FED. R. CIV. P. 41(b); <u>see</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629 (1962); <u>MTV Networks v. Lane</u>, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); <u>see</u> <u>also</u> N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate in extreme

situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

Furthermore, courts should be "especially hesitant" to dismiss an action of a pro se plaintiff

for "procedural deficiencies." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (internal

citations omitted); see also Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 477 (2d Cir.

2006). To determine whether dismissal for failure to prosecute is appropriate, courts should

consider:

> (1) the duration of plaintiff's failure to comply with the court order,
> (2) whether the plaintiff was on notice that failure to comply
> would result in dismissal, (3) whether the defendant is likely to
> be prejudiced by further delay . . . , (4) balancing of the court's
> interest in managing its docket with the plaintiff's interest in
> receiving a fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic than
> dismissal.

Lucas, 84 F.3d at 535; see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)

(citations omitted).

In this case, defendants contend that Rosario's failure to respond to their prior motion to

dismiss, provide disclosures, and attend the scheduled deposition, warrants a dismissal

based on failure to prosecute. However, a review of the procedural history shows that

dismissal of the action at this time is not warranted. While the scheduling order had notified

Rosario that failure to comply with the scheduling order could result in dismissal of his

action, Rosario only failed to appear for his deposition once. Further, prior to the date of the

scheduled deposition, Rosario had attempted to obtain consent from the AAG to a

deposition by an alternative means. Rosario also advised the Court of his inability to

appear in person for his deposition and proffered two concrete reasons for his inability to

return to New York to be deposed. With respect to prejudice, defendants proffered no

8

argument for this factor and the court finds no indication of a possibility of prejudice within the record. Furthermore, given the Court's ruling <u>supra</u> with respect to Rosario's letter motion, defendants will be able to obtain a deposition at Rosario's expense.

In balancing the Court's interest in managing its congested docket with Rosario's interest in receiving a fair chance to be heard, the Court can only conclude that Rosario, a <u>pro se</u> litigant, be given another chance to comply with the scheduling order and prosecute this matter. Accordingly, it is recommended that defendants' motion to dismiss be denied.

### III. Conclusion

For the reasons stated above, it is hereby:

1) **ORDERED** that Rosario's letter motion (Dkt. No. 46) be **GRANTED**; and it is further

2) **ORDERED** that the discovery deadline be extended to **October 10, 2014**; and it is further

3) **ORDERED** that defendants' motion for sanctions (Dkt. No. 47) be **DENIED**; and it is further

4) **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 47) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  August 14, 2014
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge